OPINION
{¶ 1} Appellant Helen Kildow appeals a judgment of the Muskingum County Court of Common Pleas, overruling her Civ.R. 12(C) motion for judgment on the pleadings on her claim for damages against appellees Home Town Improvements, Inc., et al, pursuant to the Ohio Consumer's Sales Practice Act (CSPA) and Home Sales Solicitation Act (HSSA):
 {¶ 2} "The trial court erred as a matter of law in holding that plaintiff's cancellation of a home solicitation sale contract as allowed by R.C. 1345.23 barred her from suing for damages for the seller's violations of the Ohio Consumer Sales Practices Act.
 {¶ 3} "The trial court erred as a matter of law in failing to award plaintiff judgment on the pleadings as to the Consumer Sales Practices Act Claims asserted therein."
 {¶ 4} Appellant is an eighty-six year old retired school teacher and homeowner, in Roseville, Ohio. In July of 2000, appellant received a telephone solicitation call from appellee Home Town Improvements regarding installation of new siding. Following the call, a salesperson, appellee Jeff Krukenberg, made a visit to appellant's home. Appellant entered into a sales contract with Home Town, which she later sought to rescind. In a complaint filed October 10, 2002, appellant asserted claims for breach of contract and violation of the CSPA and HSSA. After appellees answered the complaint, appellant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C).
 {¶ 5} On August 8, 2001, the court overruled the motion, holding that appellant's exercise her right to rescind barred her claim for damages under the CSPA. On October 9, 2001, appellant dismissed without prejudice her remaining claims pursuant to Civ.R. 41(A)(1).
 {¶ 6} Appellant appealed the August 8, 2001 judgment to this court. We dismissed the appeal, finding that the judgment was not a final appealable order. In an opinion filed July 23, 2002, we held that appellant's Civ.R. 41 notice of dismissal was not the proper mechanism to dismiss a single claim in an action, and appellant should have amended her complaint pursuant to Civ.R. 15 to dismiss a claim in a multi-count complaint. We further noted that the court's judgment did not include Civ.R. 54(B) language. We did not reach the issue of whether a decision by a trial court overruling a motion for judgment on the pleadings lacks the status of a final appealable order. The concurring opinion disagreed with the conclusion that the Civ.R. 41(A) voluntary dismissal was a nullity. However, the concurrence concluded that the judgment was not a final appealable order, as while the court believed appellant's claims with respect to the CSPA and HSSA were barred, the judgment entry fell short of formally dismissing these claims.
 {¶ 7} On remand, appellant's motion to amend her complaint to dismiss the breach of contract claim was granted. The court then overruled her motion for judgment on the pleadings, reiterating the court's position that the claims were barred by appellant's recission of the contract. The judgment stated that the court believed the decision to be dispositive and there is no just reason for delay. However, the court did not formally dismiss appellant's claims for violation of the CSPA and HSSA.
 {¶ 8} While the court has indicated that it accepts appellees' position that by rescinding the contract, appellant's claims for damages are barred, the court has never formally dismissed the claims. The effect of the court's judgment overruling appellant's motion for judgment on the pleadings is to leave the claims pending in the trial court. The court has not formally dismissed the claims, nor has the court entertained a dispositive motion by appellees. As appellant's claims are all still pending in the trial court, with the exception of the breach of contract claim which she has amended her complaint to dismiss, the judgment appealed from is not a final appealable order.
 {¶ 9} The appeal is hereby dismissed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
NFO — Civ.R. 12(C).